IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA )
)
) CASE NO.: CR205-49
v. )
)
)
ROBERT SAMUEL SMITH )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Robert Samuel Smith ("Smith") was indicted for an alleged violation of 18 U.S.C. § 922(g), possession of a firearm by a convicted felon. The United States of America moved to have a psychiatric evaluation performed to determine Smith's competency to stand trial. Said Motion was granted by Order dated May 3, 2006. Smith was sent to the Federal Medical Center in Lexington, Kentucky, for an evaluation. Dr. Karen Milliner, Ph.D., a licensed psychologist working as a forensic psychologist for the Bureau of Prisons, examined Smith. Dr. Milliner completed a report of her forensic evaluation of Smith and submitted this report to the Court and both parties. On December 4, 2006, the undersigned conducted a hearing, at which Dr. Milliner testified telephonically. Dr. Milliner testified that, in her opinion, Smith is competent to stand trial. Dr. Milliner based her opinion, in part, on the results of several psychological tests, approximately ten (10) hours of formal observation of Smith, and seven (7) weeks of informal observations and reports from staff while Smith was housed at the Federal Medical Center in Lexington.

## DISCUSSION AND CITATION OF AUTHORITY

In <u>Dusky v. United States</u>, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960), the Supreme Court set forth the test to determine whether a defendant is competent to stand

AO 72A
(Rev. 8/82)

trial. This two-pronged test has been followed in the Eleventh Circuit on several occasions. See, e.g., Wright v. Sec'y for Dep't of Corr., 278 F. 3d 1245, 1256 (11th Cir. 2002). Specifically, the Eleventh Circuit stated in Wright, "[T]he standard for mental competency to stand trial is 'whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding– and whether he has a rational as well as factual understanding of the proceedings against him.'" Wright, 278 F. 3d at 1256 (quoting Dusky, 362 U.S. at 402, 80 S. Ct. at 789).

I.   **Smith has Sufficient Present Ability to Consult With His Lawyer.**

In her report, Dr. Milliner stated that Smith "presented as emotionally intense, impulsive, and highly reactive to his environment. Mr. Smith reacted to his physical discomfort in an exaggerated and overly emotional manner." (Att. to Doc. No. 23, pp. 3-4.) Dr. Milliner opined that Smith's "exaggerated, overly emotional style of communicating may impact his manner of relating to his attorney." (Att. to Doc. No. 23, p. 4.) However, Dr. Milliner also opined that Smith has the ability to communicate rationally about his case and to assist his counsel. Specifically, Dr. Milliner found that Smith expressed an understanding that he needs to work collaboratively with his attorney and to speak openly with his attorney about his case; Smith also indicated that he intends to work with his attorney in this manner. (Att. to Doc. No. 23, p. 8.) Smith relayed his understanding that he would assist his attorney by providing information about the events preceding his arrest, and Smith "demonstrated an ability to discern information relevant to his case." (Id.) Dr. Milliner expressed that, if Smith chooses to do so, he will be able to describe the events surrounding his arrest with his attorney.

2

There was no evidence presented during the evidentiary hearing to contradict Dr. Milliner's opinion. Dr. Milliner's conclusions that Smith has sufficient present ability to rationally and reasonably consult with his lawyer and assist in his defense are credible.

## II.  Smith has a Rational and Factual Understanding of the Proceedings.

Dr. Milliner determined that Smith "evidenced some anxiety, emotional immaturity, and difficulty coping with stress, but these problems did not prevent him from engaging meaningfully in discussions of his legal situation . . . or from speaking clearly, coherently, and realistically about his situation." (Att. to Doc. No. 23, p. 7.) Dr. Milliner found that Smith demonstrated an understanding of basic legal concepts and the nature of legal proceedings in general and has an ability to apply his knowledge to the facts of his case. Dr. Milliner noted that Smith understood his position as a defendant and "clearly" understood the crime he is alleged to have committed. (Id.) Dr. Milliner stated that Smith understood that he has an attorney, identified who is attorney is, and understood that his attorney is to be his advocate. Smith also understood that his attorney will investigate the charges against him, prepare a defense, and represent him in court. Dr. Milliner also stated that Smith understood the adversarial nature of legal proceedings. Specifically, Smith understood that the prosecuting attorney represents the Government and must present evidence against him and seek punishment for the charged crime. Dr. Milliner noted that Smith knew that the prosecution's arguments are designed to establish his guilt, whereas the arguments of his attorney are designed to exonerate him or lessen the punishment imposed. Dr. Milliner also noted that Smith knew that the jury is to listen to the prosecution's and defense's arguments, weigh the evidence against him, and determine his guilt or innocence. Dr. Milliner further noted that Smith understood that the judge's role

3

is to mediate between the prosecution and defense, to ensure the fairness of the proceedings, and to sentence him should he be convicted. Smith expressed to Dr. Milliner an understanding of the meaning and implications of pleas. Specifically, Smith understood that pleading guilty means acknowledging his role in and accepting responsibility for the alleged offense. On the other hand, Smith understood that pleading not guilty means that he is maintaining his innocence. Smith also understood that accepting a plea agreement means that he must plead guilty in the hopes of receiving a lesser sentence. Finally, Dr. Milliner noted that Smith understood that, if he is found guilty of the charged offense, this means that he would be sentenced and possibly incarcerated. (Att. to Doc. No. 23, p. 9.) Dr. Milliner expressed her opinion that Smith has a rational and factual understanding of the proceedings against him. Dr. Milliner's opinion on this prong of the Dusky standard is credible and hereby accepted.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Robert Samuel Smith be found competent to stand trial.

So **REPORTED** and **RECOMMENDED**, this 11th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)